ELECTRONICALLY FILED - 2022 Mar 04 3:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001148

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | CASE NO.: |
| COUNTY OF RICHLAND ) | |
| ) | |
| Cynthia McFadden, ) | |
| ) | |
| Plaintiff, ) | SUMMONS |
| ) | |
| vs. ) | |
| ) | |
| Walmart Inc. and Wal-Mart Stores ) | |
| East, LP, ) | |
| ) | |
| Defendants. ) | |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer upon the subscriber at 1418 Park Street, Columbia, South Carolina, within thirty (30) days, thirty-five (35) days if service is by certified mail, exclusive of the day of said service, and if you fail to answer, appear or defend this action within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

STANLEY LAW GROUP

/s/Mark B. Stanley
**Mark B. Stanley**
**S.C. Bar No.: 101587**
**H. Ronald Stanley**
**Breon C.M. Walker**
Attorneys for Plaintiff
1418 Park Street
Post Office Box 7722
Columbia, South Carolina 29202
Telephone: (803) 799-4700
Fax: (803) 799-3036
Email: mbstanley@stanleylawsc.com
Email: bwalker@stanleylawsc.com

Columbia, South Carolina

Dated: March 4, 2022

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | CASE NO.: |
| COUNTY OF RICHLAND ) | |
| ) | |
| Cynthia McFadden, ) | COMPLAINT |
| ) | JURY TRIAL DEMANDED |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Walmart Inc. and Wal-Mart Stores ) | |
| East, LP, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, above named, complaining of the defendants, herein, would respectfully show:

1. That the plaintiff is a resident and citizen of the County of Richland, State of South Carolina.

2. That the defendant, Walmart Inc., is and was a corporation organized and existing under the laws of one of the states of the United States and is licensed and authorized to transact business in the County of Richland, State of South Carolina.

3. That the defendant, Wal-Mart Stores East, LP, is and was a limited partnership organized and existing under the laws of one of the states of the United States and is licensed and authorized to transact business in the County of Richland, State of South Carolina.

4. That upon information and belief, the defendants are and were the owners in possession of that certain business known as Walmart Supercenter, Facility #4506, located at 321 Killian Road, Columbia, South Carolina, said business being that of a retail store open to the general public, including plaintiff, herein.

5. That this court has jurisdiction of the parties and the subject matter herein as the slip and fall at issue in this action occurred in Richland County, State of South Carolina.

ELECTRONICALLY FILED - 2022 Mar 04 3:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001148

ELECTRONICALLY FILED - 2022 Mar 04 3:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001148

6. That on or about December 31, 2020, plaintiff, Cynthia McFadden, was a customer in defendants' store, Facility #4506, located at 321 Killian Road, Columbia, South Carolina.

7. That at that time and place, plaintiff was a business invitee of the defendants, lawfully upon the premises, and the defendants owed plaintiff a duty to exercise reasonable care for her safety.

8. That while waiting inside of defendants' store for her purchased goods to be loaded into her vehicle, plaintiff began walking to purchase a beverage and suddenly slipped and fell in a pool of water and/or liquid substance on the floor causing plaintiff to fall to the ground.

9. That as a direct and proximate result of the negligence of the defendants, plaintiff suffered great physical harm and bodily injury including past, present and future pain and suffering, medical expenses, mental anguish, and permanent impairment. The losses are either permanent or continuing and plaintiff will continue to suffer the losses in the future.

10. That at the time of this fall, the defendants did not have any warning signs in the area where plaintiff fell warning her of the water and/or liquid substance on the floor and to warn her of the danger.

11. That the defendants were negligent, grossly negligent, willful and wanton in one or more of the following particulars to wit:

   a. In negligently failing to inspect or adequately inspect or be aware of the unreasonably dangerous condition that existed, including failing to take affirmative action to ensure its business invitees are free from unreasonable harm;

   b. In negligently failing to inspect or adequately inspect or be aware of the unreasonably dangerous condition that existed, including not training its employees to take affirmative action in making sure its business invitees can safely shop, including plaintiff, thereby creating a hazardous condition to members of the public, including plaintiff;

   c. In negligently failing to correct or adequately correct the unreasonably dangerous condition, including the conspicuous pool of water and/or

ELECTRONICALLY FILED - 2022 Mar 04 3:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001148

        liquid substance on the floor, thereby creating an unreasonably dangerous condition for business invitees, including plaintiff;

d. In negligently failing to conspicuously place a wet floor sign in the location of the pool of water and/or liquid substance on the floor to warn business invitees of the unreasonably dangerous condition that existed, thus creating a hazardous condition to members of the public and thus creating an unreasonably dangerous condition for plaintiff;

e. In negligently failing to train and/or inadequately training its employees to protect the health and safety of business invitees of the defendants, including plaintiff, herein;

f. In negligently failing to have sufficient corporate policies and/or in failing to follow its own corporate policy(ies) regarding the safety of business invitees, including plaintiff;

g. In negligently failing to act reasonably under the circumstances;

h. In negligently failing to render aid to plaintiff after the subject incident and/or negligently rendering aid to plaintiff after the subject incident; and

i. In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing.

All or one of which was the direct and proximate cause of the injuries and damages sustained by plaintiff, said acts being in violation of the statute laws of the State of South Carolina.

12. That plaintiff is informed and believes that prior to her fall, the defendants, through its employees, agents or servants, had actual and/or constructive knowledge of the water and/or liquid substance on the floor in the area where plaintiff slipped and fell.

13. That plaintiff is informed and believes that she is entitled to judgment against the defendants for actual and punitive damages in an amount to be determined by the trier of fact.

**WHEREFORE**, plaintiff, Cynthia McFadden, prays for judgment against the defendants for actual and punitive damages in an amount to be determined by the trier of fact, for the

cost of this action, and for such other and further relief as this court may deem just and proper.

**STANLEY LAW GROUP**

/s/Mark B. Stanley
**Mark B. Stanley**
**S.C. Bar No.: 101587**
**H. Ronald Stanley**
**Breon C.M. Walker**
Attorneys for Plaintiff
1418 Park Street
Post Office Box 7722
Columbia, South Carolina 29202
Telephone: (803) 799-4700
Fax: (803) 799-3036
Email: mbstanley@stanleylawsc.com
Email: bwalker@stanleylawsc.com

Columbia, South Carolina

Dated: March 4, 2022

ELECTRONICALLY FILED - 2022 Mar 04 3:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001148